IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ERIC ANTOINE REED, | § § | |
| Petitioner, | § § | |
| v. | § § | 2:11-CV-093 |
| RICK THALER,<br>Director, Texas Dep't of Criminal Justice,<br>Correctional Institutions Division, | § § § § | |
| Respondent. | § § | |

**REPORT AND RECOMMENDATION TO**
**DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. section 2254 in which he appears to challenge respondent's refusal to grant him release on parole. Petitioner is presently incarcerated at the Clements Unit in Potter County, Texas, pursuant to a 1982 conviction for murder and the resultant life sentence. For the reasons hereinafter expressed, the undersigned United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DISMISSED.

I.
PETITIONER'S ALLEGATIONS

The form habeas corpus petition in this case is, for the most part, unintelligible. A generous interpretation of the petition indicates petitioner appears to challenge the Parole Board's refusal to release petitioner on parole.

II.
## BASIC REQUIREMENTS OF A HABEAS CORPUS PETITION

In every federal habeas corpus action, the petitioner must satisfy two procedural prerequisites. First, he must establish the determination challenged in the petition has been final for no longer than one year. *See* 28 U.S.C. § 2244(d). Second, he must demonstrate he exhausted the claims presented in the federal petition by properly utilizing state or prison appeals processes prior to challenging the determination in federal court. *See id.* § 2254(b)(1). If these basic requirements are not met, the Court may not review the merits of the petition.

In this case, the Court was unable to determine from the form petition whether the petition was timely filed and the claims properly exhausted. To establish whether the Court could review petitioner's claims on the merits, the Court issued a Briefing Order instructing petitioner to "[s]tate with specificity (i) each constitutional violation alleged and (ii) the date on which each violation occurred. If a violation is ongoing, indicate the date on which the violation first began." (Briefing Order, doc. 4, pg. 1, issued May 12, 2011 ["Briefing Order"]). The Briefing Order also instructed petitioner to "[s]tate exactly what actions have been taken within the TDCJ grievance system and within the state courts in attempting to receive the relief requested." (*Id.*, pg. 2).

Unfortunately, in his response petitioner failed to answer any of the questions he was directed to answer. Rather, petitioner chose to use his response to the Briefing Order to restate the unintelligible and vague arguments he originally made in his petition. He did not specify any particular constitutional violation nor did he list a single date on which any violation allegedly occurred. Petitioner did not indicate whether he had taken any action in any other setting in pursuit of relief.

Petitioner's failure to comply with the basic instructions of this Court's Briefing Order are, alone, grounds for dismissal. *See* Fed. R. Civ. P. 41(b). Additionally, petitioner has failed to meet his burden of establishing his case is timely filed and the claims therein are properly exhausted. *See* 28 U.S.C. §§ 2244(d), 2254(b)(1). Because petitioner has failed to meet the procedural requirements of a habeas corpus petition, the instant petition should be dismissed.

### III.
### PETITIONER'S CONSTITUTIONAL RIGHTS

Assuming, *arguendo*, the petition is timely filed and the claims are properly exhausted, dismissal of this case is still warranted. Petitioner complains the Parole Board's application of parole laws enacted after his 1982 conviction date violated the *Ex Post Facto* Clause of the Constitution. Petitioner seeks both monetary damages, which are primarily available in a civil rights action pursuant to 42 U.S.C. § 1983, and release to parole or mandatory supervision, which is available in a habeas corpus action pursuant to 28 U.S.C. § 2254. Because petitioner sought two forms of relief that cannot be obtained in the same suit, the Court, in an abundance of caution, severed the case into a civil rights claim and the instant habeas corpus petition. *See Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987). Even thought the Court ordered the claims severed, the burden has always remained on petitioner to prove he falls within the narrow range of people who can receive habeas corpus relief based upon denial of parole. *See Williford v. Estelle*, 672 F.2d 552, 555 (5th Cir. 1982) (stating "[t]he petitioner in a habeas corpus proceeding bears the burden of proof on his right to relief").

Petitioner's broad and mostly unintelligible claims do not state a basis for relief. First and foremost, a Texas inmate has no constitutional right to release under the Texas parole statutes. *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995); *Creel v. Keene*, 928 F.2d 707 (5th Cir. 1991).

Importantly, the Fifth Circuit has reviewed the parole statue in effect in 1982, at the time of petitioner's conviction, and concluded the statue does not create a constitutional right to release on parole. *See Williams v. Briscoe*, 641 F.2d 274, 276 (5th Cir. 1981).[1] To the extent petitioner claims he has a constitutional right to release on parole, he is incorrect. *See id.*

Petitioner also appears to contend the Parole Board is retroactively applying unspecified parole statutes in violation of the *Ex Post Facto* Clause. Although there is no constitutionally protected liberty interest in parole in Texas for purposes of due process, an *Ex Post Facto* challenge does not turn on the existence of a liberty interest. *Orellana*, 65 F.3d at 32. Such a challenge may still be brought in habeas corpus proceedings when a retroactive change in parole laws creates "a sufficient risk of increasing the measure of punishment attached to the covered crimes." *Garner v. Jones*, 529 U.S. 244, 249, 120 S.Ct. 1362, 1367, 146 L.Ed.2d 236 (2000). Thus, if a court determines the level of risk that an inmate's incarceration will be longer because of a change in the law, then the inmate may be eligible for habeas corpus relief. *Id.*

The problem with the case at bar is that petitioner has yet to specify exactly which laws the Parole Board is applying and how that application has adverslty affected the duration of his sentence. Without a more specific argument, the Court is unable to engage in any meaningful *Ex Post Facto* Clause analysis. The Court has given petitioner the opportunity to "explain the specific constitutional violation and the TDCJ action that was the basis for the violation" (Briefing Order, pg. 1), but petitioner failed to take advantage of that opportunity.

---

[1] Petitioner states the Parole Board should be applying articles 42.12 and 42.18 of the Texas Code of Criminal Procedure in effect in 1982. While article 42.18 of the Texas Code of Criminal Procedure did, at one time, govern when a prisoner could be released on parole, it was not enacted until 1985 and was repealed in 1997. Thus, any argument that article 42.18 of the Code of Criminal Procedure is applicable to petitioner is factually inaccurate. Article 42.12 of the Code of Criminal Procedure did, however, govern release on parole in 1982. In *Williams*, the Fifth Circuit analyzed that statute and determined it did not create any constitutional right to release on parole.

On a final note, petitioner has requested release on either parole or mandatory supervision. In 2002, petitioner filed a habeas corpus petition in the United States District Court for the Southern District of Texas. *See Reed. v. Cockrell*, 4:02-CV-4914. In that petition, Reed unsuccessfully challenged his ineligibility for release on mandatory supervision. To the extent it is intelligible, the instant petition does not appear to raise the same claims as the prior petition. However, to the extent petitioner requests release on mandatory supervision, one federal court has already explained to petitioner why, according to the statute in effect at the time of his conviction, petitioner "will never be factually eligible for mandatory supervision release." *Id.*, "Memorandum and Order," doc. 12, pg. 4, May 14, 2003.

In sum, petitioner has failed to meet the preliminary burdens of establishing any habeas corpus claims are timely presented and properly exhausted. He has failed to demonstrate he falls within the narrow group of inmates able to state a cognizable habeas corpus claim based upon denial of parole. His broad, vague statements do not reach the level of presenting a specific constitutional claim that the Court could evaluate even if Reed had meet the preliminary burdens of a habeas corpus petitioner. Finally, petitioner has failed to comply with the simple and direct instructions of the Court. Accordingly, the habeas corpus petition should be dismissed.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the application for a writ of habeas corpus filed by petitioner ERIC ANTOINE REED be DISMISSED.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 15th day of August, 2011.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).